# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30397

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2020

Lyle W. Cayce
Clerk

CARTER VINCENT ANDERSON,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-7977

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Carter Vincent Anderson, Louisiana prisoner # 418030, was convicted by a jury of armed robbery and being a felon in possession of a firearm. Following his adjudication as a third felony offender he was sentenced to life imprisonment. He now requests a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 petition, which he filed to challenge his convictions and his multiple offender adjudication.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30397

To obtain a COA, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). An applicant satisfies the COA standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Where the district court denies relief on the merits, an applicant must show that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Anderson renews several claims raised in the district court. He argues that his rights under *Batson v. Kentucky*, 476 U.S. 79 (1986), were violated because the prosecution used peremptory challenges on the three prospective black jurors and because the trial court failed to articulate a specific finding as to whether the prosecution's use of a peremptory challenge as to one of the jurors was based on her race. He asserts that his appellate counsel was ineffective for failing to raise a *Batson* challenge. Anderson contends that his confession should have been suppressed because it was obtained in violation of his constitutional rights. Asserting prosecutorial misconduct, Anderson claims that his rights were violated because the prosecution failed to preserve evidence and was permitted to elicit testimony about the missing evidence. Anderson also contends that his rights under the Double Jeopardy Clause were violated in connection with his adjudication as a multiple offender. As to the above claims, Anderson fails to the make the showing required to obtain a COA. *See Miller-El*, 537 U.S. at 337; *Slack*, 529 U.S. at 483-84.

Finally, Anderson contends that the district court erred by denying his § 2254 petition without conducting an evidentiary hearing. Anderson is not

No. 19-30397

required to obtain a COA to appeal the denial of an evidentiary hearing; therefore, to the extent he seeks a COA on this issue we construe his COA request "as a direct appeal from the denial of an evidentiary hearing." *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). Because Anderson's underlying claims fail, we need not address the merits of his evidentiary hearing claim. *See id.*

Consistent with the foregoing, Anderson's motion for a COA is DENIED, and the district court's denial of an evidentiary hearing is AFFIRMED.